UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATT GARCIA, Plaintiff, v. ROWAN WILSON, et al., Defendants. | No. 2:26-cv-2516 DJC AC PS<br><br>ORDER |

Plaintiff is proceeding in this action pro se. This matter was accordingly referred to the undersigned by E.D. Cal. 302(c)(21). Plaintiff filed a request for leave to proceed in forma pauperis ("IFP") and has submitted the affidavit required by that statute. See 28 U.S.C. § 1915(a)(1). The motion to proceed IFP (ECF No. 2) will therefore be granted.

## I. Screening

A. Standards

The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Plaintiff must assist the court in determining whether the complaint is frivolous, by drafting the complaint so that it complies with the Federal Rules of Civil Procedure ("Fed. R. Civ. P."). The Federal Rules of Civil Procedure are available online at www.uscourts.gov/rules-policies/current-

rules-practice-procedure/federal-rules-civil-procedure.

Under the Federal Rules of Civil Procedure, the complaint must contain (1) a "short and plain statement" of the basis for federal jurisdiction (that is, the reason the case is filed in this court, rather than in a state court), (2) a short and plain statement showing that plaintiff is entitled to relief (that is, who harmed the plaintiff, and in what way), and (3) a demand for the relief sought. Fed. R. Civ. P. 8(a). Plaintiff's claims must be set forth simply, concisely and directly. Fed. R. Civ. P. 8(d)(1). Forms are available to help pro se plaintiffs organize their complaint in the proper way. They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court will (1) accept as true all of the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and (3) resolve all doubts in the plaintiff's favor. See Neitzke, 490 U.S. at 327; Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

The court applies the same rules of construction in determining whether the complaint states a claim on which relief can be granted. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (court must accept the allegations as true); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (court must construe the complaint in the light most favorable to the plaintiff). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has

facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987), superseded on other grounds by statute as stated in Lopez v. Smith, 203 F.3d 1122 (9th Cir.2000)) (en banc).

B. The Complaint

Plaintiff, who provides a South Carolina address for himself, is suing four named individuals: Rowan Wilson, Michael Rosenthal, Vanessa Feng, and Kevin McClanahan. ECF No. 1 at 1. The complaint does not identify the defendants by anything other than their names. Id. The complaint reads in its entirety as follows: "Defendants have undisclosed interests. The court should order them to disclose." Id.

C. Analysis

Plaintiff's complaint cannot be served, for three independent reasons. First, the complaint does not provide any statutory basis for federal court jurisdiction. A lawsuit may only be brought in federal court if the case arises under federal law, 28 U.S.C. § 1331 (federal question jurisdiction), or if the dispute is among parties of diverse state citizenship, § 1332 (diversity jurisdiction). Federal question jurisdiction requires a claim that is based on a federal statute or the alleged violation of a federal right. See Republican Party of Guam v. Gutierrez, 277 F.3d 1086, 1088-89 (9th Cir. 2002). Plaintiff's complaint does not identify or suggest the existence of any federal question. Diversity jurisdiction exists only if the amount in controversy exceeds $75,000 and there is complete diversity of citizenship, meaning that the plaintiff is a citizen of a different state than each of the defendants. See Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001). The complaint before the court provides no information regarding the amount in controversy nor the states in which all defendants reside. It is a basic requirement of federal pleading that a complaint specify the basis for federal jurisdiction. Rule 8(a)(1), Fed. Rules Civ. P. Failure to provide a basis for federal jurisdiction requires dismissal.

Second, the U.S. Constitution requires that plaintiff demonstrate standing to bring a

lawsuit. "[T]o satisfy Article III's standing requirements, a plaintiff must show (1) it has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc., 528 U.S. 167, 180-81 (2000) (citations omitted). Plaintiff's complaint does not explain the nature of defendants' alleged undisclosed interests, or how plaintiff has been injured by those interests or by the alleged non-disclosure. Without facts demonstrating a concrete and actual injury to plaintiff that has been caused by defendants' conduct, plaintiff lacks standing and the complaint must be dismissed.

Third, the complaint fails to state any claim for relief. Notice pleading in federal court requires that the complaint "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." Bell Atlantic v. Twombly, 550 U.S. 544, 555 (2007) (internal citation and quotations omitted). Under Federal Rule of Civil Procedure 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and "a demand for the relief sought." Rule 8(a)(2)&(3), Fed. R. Civ. P. This means the complaint must clearly and fully set forth "who is being sued, for what relief, and on what theory, with enough detail to guide discovery." McHenry v. Renne, 84 F.3d 1172, 1178 (9th Cir. 1996). Failure to submit a complaint that complies with Rule 8 may lead to dismissal. Id. at 1179. Plaintiff's complaint does not contain any legal causes of action (alleged violations of law which can support a lawsuit). Indeed, it does not contain any facts at all. Accordingly, the court cannot tell whether plaintiff's dispute with defendants is one that supports a cognizable cause of action. Factual allegations are required so that the court can determine whether plaintiff has stated a claim upon which relief may be granted.

For all these reasons the complaint as drafted does not meet the pleading requirements of federal court. Accordingly, it cannot be served. The complaint is subject to dismissal for lack of jurisdiction, lack of standing, and failure to state a claim. However, rather than recommending dismissal at this time, the court will allow plaintiff to file an amended complaint which attempts

to correct the deficient pleading.

## II. Leave to Amend

If plaintiff chooses to amend the complaint, the amended complaint must allege facts establishing the existence of federal jurisdiction. In addition, it must contain a short and plain statement of plaintiff's claims. The allegations of the complaint must be set forth in sequentially numbered paragraphs, with each paragraph number being one greater than the one before, each paragraph having its own number, and no paragraph number being repeated anywhere in the complaint. Each paragraph should be limited "to a single set of circumstances" where possible. Rule 10(b). As noted above, forms are available to help plaintiffs organize their complaint in the proper way. They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

The amended complaint must not force the court and the defendants to guess what is being alleged against whom. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (affirming dismissal of a complaint where the district court was "literally guessing as to what facts support the legal claims being asserted against certain defendants"). The amended complaint must not require the court to spend its time "preparing the 'short and plain statement' which Rule 8 obligated plaintiffs to submit." Id. at 1180. The amended complaint must not require the court and defendants to prepare lengthy outlines "to determine who is being sued for what." Id. at 1179.

Also, the amended complaint must not refer to a prior pleading to make plaintiff's amended complaint complete. An amended complaint must be complete without reference to any prior pleading. Local Rule 220. This is because, as a general rule, an amended complaint supersedes the original complaint. See Pacific Bell Tel. Co. v. Linkline Communications, Inc., 555 U.S. 438, 456 n.4 (2009) ("[n]ormally, an amended complaint supersedes the original complaint") (citing 6 C. Wright & A. Miller, Federal Practice & Procedure § 1476, pp. 556-57 (2d ed. 1990)). Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

////

### III. Pro Se Plaintiff's Summary

It is not clear that this case can proceed in federal court. The court cannot tell from your complaint whether a legal claim can be stated or whether this case can be heard in this court, because you have not told the court (1) who the defendants are and where they live, (2) what legal wrong they did to you, (3) how you were harmed, or (4) what relief you seek that relates to the harm defendants caused. Because the complaint as written does not comply with the pleading requirements of Federal Rule of Civil Procedure 8(a), it will not be served on defendants. Your lawsuit cannot proceed unless you fix the problems with your complaint.

You are being given 30 days to submit an amended complaint complying with the Federal Rules of Civil Procedure. If you submit an amended complaint, it needs to explain in simple terms what laws or legal rights of yours were violated, by whom and how, and how those violations impacted you. Without this information, the court cannot tell what legal claims you are trying to bring against the defendants. An amended complaint must also explain the basis for federal court jurisdiction. If you do not submit an amended complaint by the deadline, the undersigned will recommend that the case be dismissed.

### IV. Conclusion

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed in forma pauperis (ECF No. 2) is GRANTED;
2. Plaintiff shall have 30 days from the date of this order to file an amended complaint that complies with the instructions given above. If plaintiff fails to timely comply with this order, the undersigned may recommend that this action be dismissed.

DATED: July 27, 2026

Allison Claire

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE